**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 26, 2007**

**TENTH CIRCUIT**

DAVID U. JONES,

      Petitioner - Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF
KANSAS,

      Respondent - Appellees.

No. 06-3342
(D.C. No. 05-CV-3248-MLB)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant David Jones, a state inmate appearing pro se, seeks a
certificate of appealability (COA) allowing him to appeal from the district court's
order denying relief on his habeas petition filed pursuant to 28 U.S.C. § 2254.
Because Mr. Jones has failed to make a "substantial showing of the denial of a
constitutional right," see id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-
84 (2000), we deny a COA and dismiss the appeal.

In 1999, Mr. Jones was convicted of rape following a bench trial in state

district court. The trial court found that Mr. Jones was one of four men who raped victim C.F. in a hotel room. C.F. testified that after a night of drinking and drug use, she awoke to find Mr. Jones in her hotel room. She testified that, shortly thereafter, three other men entered the room. According to C.F., two of the men held her down on either side while she was raped by Mr. Jones and another man. Although C.F. did not open her eyes during the actual rape, she testified that she was raped by two men and that the two men holding her down remained the same; therefore she had to have been raped by Mr. Jones. Mr. Jones was sentenced to 220 months imprisonment.

The only testimony presented by the state was that of C.F. Three witnesses were presented by Mr. Jones in an attempt to discredit C.F.'s testimony. The trial court ultimately convicted Mr. Jones based on its determination that C.F.'s testimony was credible.

The Kansas Court of Appeals affirmed Mr. Jones's conviction on direct review, see State v. Jones, No. 84,395 (Kan. Ct. App. June 22, 2001), and the Kansas Supreme Court denied review. Thereafter, Mr. Jones sought post-conviction relief under Kan. Stat. Ann. § 60-1507. The state district court denied relief, see I R. Doc. 2, Ex. C, the Kansas Court of Appeals affirmed, see I R. Doc. 2, Ex. H, and the Kansas Supreme Court denied review.

Mr. Jones next filed a federal habeas petition claiming (1) insufficiency of

the evidence, (2) prosecutorial misconduct based upon the use of perjured testimony, and (3) ineffective assistance of counsel based on (a) counsel's alleged conflict of pecuniary interest, (b) failure to locate and investigate a witness (Kareena Hickles), (c) failure to investigate the victim's reputation for veracity, (d) failure to seek recusal of the trial judge, and (e) alleged cocaine use.

The district court determined that issues (2) and (3)(b), were procedurally barred because they had not been raised before the state courts, and Mr. Jones had not shown cause, prejudice, or a fundamental miscarriage of justice. It rejected claim (1), concerning sufficiency of the evidence, after concluding that the Kansas Court of Appeals' decision on direct appeal was not an unreasonable application of Jackson v. Virginia, 443 U.S. 307 (1979). See 28 U.S.C. § 2254(d)(1). It rejected claim (3)(a), concerning counsel's alleged conflict of pecuniary interest, because the Kansas Court of Appeals ultimately determined that no fee dispute existed and Mr. Jones had failed to overcome this factual determination. See id. §§ 2254(d), 2254(e)(1). The court rejected claim (3)(c), concerning the failure to investigate the victim's veracity, because Mr. Jones failed to develop this theory in a state post-conviction hearing, see id. § 2254(e)(2), and because the Kansas Court of Appeals' rejection of this claim was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). See 28 U.S.C. § 2254(d)(1). With respect to claim (3)(d), concerning

failure to seek recusal of the trial judge, the district court noted that the state court's finding of no actual bias left little basis for recusal, and that the state court's determination of no deficient performance or prejudice under Strickland was not an unreasonable application of federal law.  See 28 U.S.C. §§ 2254(d)(1), 2254(e)(1).  Finally, the district court concluded that claim (3)(e), concerning counsel's alleged cocaine use, was unsupported by the facts and that the state court's rejection of the claim based on lack of deficient performance or prejudice under Strickland was not an unreasonable application of federal law.  See id. § 2254(d).

On appeal, Mr. Jones seeks to raise only his sufficiency of the evidence claim.  He contends that the state failed to prove its case beyond a reasonable doubt and that the court erred in applying the sufficiency of the evidence standard.  To make a substantial showing of the denial of a constitutional right, Mr. Jones must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack, 529 U.S. at 484 (internal quotation omitted).

We have not yet decided whether the review of a state court's sufficiency of the evidence determination is a legal question reviewable under 28 U.S.C. § 2254(d)(1) or a factual matter reviewable under 28 U.S.C. § 2254(d)(2).  See

Hamilton v. Mullin, 436 F.3d 1181, 1194 (10th Cir. 2006); but see Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003) (reviewing sufficiency of the evidence as a question of law). Regardless, our review is limited to determining whether the Kansas Court of Appeals applied a standard that was contrary to that for sufficiency of the evidence as set forth in Jackson or whether it unreasonably applied the Jackson standard itself to the facts of this case. See Spears, 343 F.3d at 1238. We look at the state court's result, even in the absence of extensive reasoning or citation of federal authority. Early v. Packer, 537 U.S. 3, 8 (2002); Maynard v. Boone, 468 F.3d 665, 677-78 (10th Cir. 2006). Under the Jackson standard, habeas relief may only be granted if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Spears, 343 F.3d at 1238.

As the district court found, the Kansas Court of Appeals applied the Jackson standard as identified and described in State v. Mason, 986 P.2d 387, 389 (Kan. 1999). Thus, Mr. Jones must show that the Kansas Court of Appeals unreasonably applied the standard. A review of C.F.'s testimony shows that (1) she found herself in a motel room with four men, (2) two of those men held her down on a bed, (3) Mr. Jones and another man stood at the foot of the bed, (4) she was raped by two different men, and (5) that the two men holding her down never let go. Accordingly, she reasoned that Mr. Jones had to be one of the two men

who raped her. This testimony established all the elements of rape under Kansas law: that Mr. Jones had intercourse with C.F., without her consent, and when she was overcome by fear or force. See Kan. Stat. Ann. § 21-3502(a)(1)(A).

The witnesses offered by Mr. Jones only attacked the credibility of C.F. None were present at the time of the rape. The trial court made a credibility determination that C.F. was telling the truth and that determination is owed great deference. See Patton v. Yount, 467 U.S. 1025, 1038 (1984); Marshall v. Lonberger, 459 U.S. 422, 434 (1983). The testimony of the victim in this case is not inherently incredible or contradicted by objective evidence such that it could not support a finding of each essential element beyond a reasonable doubt. Given our standard of review, we do not think that the district court's resolution of Mr. Jones' sufficiency of the evidence claim is reasonably debatable.

We DENY a COA, DENY IFP status, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge